FILED & ENTERED

FEB 25 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Jose Antonio Zamora<br>Martha Delia Zamora<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.: 2:17-bk-22698-BB<br>Adv No: 2:19-ap-01139-BB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT ENTERED ON JANUARY 30, 2020**<br><br>[No hearing required] |
| Rosendo Gonzalez<br><br>Plaintiff(s),<br>v.<br><br>Muziknewum Nevada Irrevocable Spendthrift Trust dba Muzikneum, LTD<br><br>Defendant(s). | |

The Court, having read and considered the motion of defendant Daniel De La Madrid ("defendant") to vacate default judgment under FRBP 9023 and 9024 (the "Motion") filed February 13, 2020 as Docket No.54, hereby makes the following findings of fact and conclusions of law:

-1-

(1)   Contrary to the position advanced in the Motion, the Court did in fact consider the merits of the arguments advanced by the defendant in his December 2, 2019 motion to dismiss [Docket no. 35] (the "Prior Motion"); the Court's denial of the Prior Motion was not based merely on the ground that defendant brought a motion to dismiss this adversary proceeding rather than a motion to vacate his default;

(2)   In its consideration of the merits of the Prior Motion, and as an alternate ground for denying that motion, the Court explained in its written tentative ruling and on the record at the time of hearing that:

    a. defendant did not seek or obtain an order dismissing the underlying bankruptcy case and cannot seek dismissal of the underlying case by filing a motion in the adversary proceeding (and debtors represented in their petition under penalty of perjury that as of the petition date they resided at 1620 E. McMillan St., Compton, CA 90221, making this district the appropriate venue for the commencement of this bankruptcy case)[1];

    b. personal service of the summons and complaint was not required. The Federal Rules of Bankruptcy Procedure permit service by first class mail upon someone with sufficient minimum contacts with the United States (which defendant clearly has, as he owns real property within this district);

    c. the address at which Movant was served by mail is the same address that movant has been using on his pleadings in this adversary proceeding (including both the Prior Motion and the instant motion), and defendant is therefore estopped to dispute that this is an accurate address for him; and

    d. the Court does not go beyond the four corners of the complaint and certain other matters of which it may take judicial notice in ruling upon motions to dismiss and would not therefore entertain oral

---

[1] Defendant had challenged the jurisdiction of this Court over this adversary proceeding by arguing that the underlying bankruptcy case should not have been brought in this district and must be dismissed.

evidence at the time of hearing (as the Prior Motion promised to provide); motions to dismiss are based on the pleadings and not on any extrinsic evidence.

(3) Pursuant to Local Bankruptcy Rule 9011-2(d), even persons appearing without counsel must comply with the Federal Rules of Civil Procedure, the Federal Rules of Evidence and the Local Rules of this Court.  The failure to comply may be considered by the court as grounds for the entry of judgment by default or other appropriate remedies;

(4) The Court already considered, and rejected, defendant's arguments concerning the adequacy of service in its consideration of the Prior Motion;

(5) The Court does not need the defendant's express consent in order to enter a final judgment in the form of a default judgment in this adversary proceeding. Numerous bankruptcy court decisions handed down after the Supreme Court decided Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932 (2015), have held that bankruptcy judges may enter default judgments based on implied consent resulting from a defendant's failure to respond to a summons and complaint.  See, e.g., Kravitz v. Deacons (In re Advance Watch Co.), 587 B.R. 598 (Bankr. S.D.N.Y. 2018); Campbell v. Carruthers (In re Campbell), 553 B.R. 448 (Bankr. M.D. Ala. 2016); and Hopkins v. M & A Ventures (In re Hoku Corp.), Nos. 13-40838-JDP, 15-08043-JDP, 2015 Bankr. LEXIS 4172 (Bankr. D. Idaho Dec. 10, 2015);

(6) Horrendous injustice would not result from entry of a default judgment against the defendant in this matter.  The Court was aware of, and did take into consideration in connection with its resolution of the Prior Motion, that, according to the allegations of the complaint, defendant paid $396,175.58 as the purchase price for the assets he acquired.  It was for this reason that, notwithstanding the fact that, from the perspective of the debtor, the transaction was an actual fraud fraudulent transfer, defendant, having given value in exchange for the assets, was granted an equitable lien against these assets for the full amount of this payment.  [See Order entered January 30, 2020 [Docket No.47] (the "Prior Order")]; and

(7)     The Motion does not set forth any basis upon which relief from a prior order or judgment may be obtained under Fed. Rules of Civ. Proc. 59 or 60, made applicable herein by Fed. Rules of Bankr. Proc. 9023 and 9024:  the defendant has not established that (a) the Prior Order was entered as a result of mistake, inadvertence, surprise or excusable neglect; (b) there is any newly discovered evidence that should have been, but was not, considered at the prior hearing; (c) the Prior Order was entered due to fraud, either intrinsic or extrinsic, or a misrepresentation or misconduct by the trustee; (d) the Prior Order was void; (e) the Prior Order has been satisfied, released or discharged or that it is based on an earlier judgment that has been reversed or vacated; or (f) there is any other reason that would justify relief on these facts.

In light of the foregoing, and other good cause appearing therefor,

**IT IS HEREBY ORDERED** that defendant's Motion is DENIED.

###

Date: February 25, 2020

Sheri Bluebond
United States Bankruptcy Judge