FILED & ENTERED

MAR 16 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Jose Antonio Zamora<br>Martha Delia Zamora<br><br><br>Debtor(s). | CHAPTER 7<br><br>Case No.: 2:17-bk-22698-BB<br>Adv No:  2:19-ap-01139-BB<br><br>**ORDER DENYING DEFENDANT DANNIEL DE LA MADRID'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS UNDER 28 U.S.C. §§ 753(f) and 1915** |
| Rosendo Gonzalez<br><br>Plaintiff(s),<br>    v.<br><br><br>Muziknewum Nevada Irrevocable Spendthrift Trust dba Muzikneum, LTD<br><br><br>Defendant(s). | [No hearing] |

On March 12, 2020, Danniel de la Madrid ("Appellant"), the defendant and judgment debtor in the above adversary proceeding, filed a motion entitled, "Motion and Affidavit for Leave to Appeal in Forma Pauperis" under 28 U.S.C. §§ 753(f) and 1915 (the "Motion") [Docket No. 60].  By way of the Motion, Appellant requests an order from this court (1) authorizing him to prosecute an appeal without prepayment of fees and

-1-

costs or security therefor and (2) requiring the United States government to bear the cost of preparing a Court Reporter's transcript in connection with his appeal of this Court's January 30, 2020 order granting default judgment against him [Docket No. 47].

First, based on controlling Ninth Circuit authority, bankruptcy judges, who are Article I judges (referring to their appointment under authority granted under Article I of the United States Constitution), lack the ability to grant forma pauperis status under 28 U.S.C. § 1915(a). Perroton v. Gray (In re Perroton), 958 F.2d 889, 896 (9th Cir. 1992).[1] Thus, this Court cannot grant Appellant's request to proceed in forma pauperis under 28 U.S.C. § 1915(a). Appellant has elected to have his appeal heard by the United States District Court, the judges of which have authority to grant such applications. Appellant should refile the Motion before the District Court if he would like to obtain the requested relief.

With regard to Appellant's second request – that the government be required to bear the cost of preparation of a Court Reporter's transcript, "The grant of in forma pauperis status under § 1915(a) is an essential element to qualify for payment of the United States for transcripts for the appeal." Price v. Price (In re Price), 410 B.R. 51, 57 (Bankr. E.D. Cal. 2009). The statutory authority for Appellant's request is set forth in 28 U.S.C. § 753(f), which provides that, "Fees for transcripts furnished . . . to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). As Appellant has not sought and obtained permission from an Article III Court to proceed in forma pauperis, he is not eligible for relief under section 753(f).

However, even if the Appellant had been authorized to proceed in forma pauperis by an Article III court, pursuant to 28 U.S.C. § 753(f), the United States government could not be required to pay for the cost of a transcript for the appeal unless "the trial

---

[1] 28 U.S.C. § 1930(f)(3), which authorizes the bankruptcy court to waive certain fees for debtors, provides that this section does not restrict the district court or the bankruptcy court from waiving fees for other debtors and creditors, in accordance with Judicial Conference Policy, but the Judicial Conference has not adopted a policy authorizing bankruptcy courts to waive fees for creditors or other nondebtors.

judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)," and, in this case, the required certification is unwarranted.

Appellant offers the following description of the issues he intends to present on appeal in the Motion:

    a. The court lacked personal service as I was served by mail at an address that is not my business address per FRBP 7004(b)(1).

    b. The Court lacked personal jurisdiction because I am a forum-state resident and due process requires personal service.

    c. The bankruptcy court lacks subject matter jurisdiction over this 548 action as I denied consent in every filing.

<u>Motion</u>, at ¶1.  To determine whether an appeal presents a "substantial question," the court can review the statement of issues and related materials. <u>Price</u>, 410 B.R. at 59. "There is a 'substantial question' when the issue before the appellate court is reasonably debatable." <u>Id.</u> (citations omitted).  However, none of the issues presented by Appellant is even debatable.

The address at which Appellant was served with the summons and complaint that commenced this action is the address that Appellant himself uses on papers that he files with this Court, including the Motion itself – 7220 South Western Avenue, Los Angeles, CA  90047.  Appellant has never used another address in any paper filed with the Court in this adversary proceeding.  The Court is entitled to presume that the address that Appellant himself provides as his mailing address is a valid mailing address for him.

Second, Appellant is mistaken when he asserts that he is entitled to personal service.  Federal Rule of Civil Procedure 7004(b)(1) unambiguously permits service upon an individual by first class mail postage prepaid, which is how Appellant was served in this adversary proceeding.

Lastly, although a defendant's consent is required to enable the bankruptcy court to enter final orders in a fraudulent transfer action, the Court does not need the defendant's *express* consent to enter a final judgment in the form of a default judgment in an adversary proceeding.  Numerous bankruptcy court decisions handed down after

the Supreme Court decided <u>Wellness Int'l Network, Ltd. v. Sharif</u>, 135 S.Ct. 1932 (2015), have held that bankruptcy judges may enter default judgments based on implied consent resulting from a defendant's failure to respond to a summons and complaint. <u>See</u>, <u>e.g.</u>, <u>Kravitz v. Deacons (In re Advance Watch Co.)</u>, 587 B.R. 598 (Bankr. S.D.N.Y. 2018); <u>Campbell v. Carruthers (In re Campbell)</u>, 553 B.R. 448 (Bankr. M.D. Ala. 2016); and <u>Hopkins v. M&A Ventures (In re Hoku Corp.)</u>, Nos. 13-40838-JDP, 15-08043-JDP, 2015 Bankr. LEXIS 4172 (Bankr. D. Idaho Dec. 10, 2015). As none of the issues raised by Appellant is even debatable, the court concludes that Appellant's appeal is frivolous and does not satisfy the substantial question requirement of 28 U.S.C. § 753(f).

Therefore, even if Appellant had obtained authority to proceed in forma pauperis, his request that the government be required to pay the costs association with the preparation of a transcript should be denied as his appeal does not present a substantial question. And, as discussed above, this Court lacks the authority to grant Appellant's request to proceed in forma pauperis. Accordingly, his Motion should be denied in its entirety.

**IT IS SO ORDERED.**

###

Date: March 16, 2020

Sheri Bluebond
United States Bankruptcy Judge