FILED & ENTERED

APR 27 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Jose Antonio Zamora<br>Martha Delia Zamora<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  2:17-bk-22698-BB<br>Adv No:   2:19-ap-01139-BB<br><br>**ORDER DENYING DEFENDANT'S APRIL 21, 2022 MOTION FOR RECONSIDERATION**<br><br>(No hearing required) |
| Rosendo Gonzalez<br><br>Plaintiff(s),<br>v.<br><br>Castizo Holdings, LLC, Danniel De La Madrid,  Llamas Estates, LLC, Muziknewum Nevada Irrevocable Spendthrift Trust dba Muzikneum, LTD<br><br>Defendant(s). | |

    The Court, having reviewed and considered the April 21, 2022 motion of defendant Danniel de la Madrid ("DDLM" or "Defendant") for reconsideration[1] (the

---

[1] The Motion for Reconsideration does not identify the specific order or orders that DDLM would like this Court to

-1-

"Motion for Reconsideration"), and having taken judicial notice of the records and files in this adversary proceeding, hereby finds as follows:

1. On July 31, 2017, debtor Jose Antonio Zamora executed a quit claim deed with regard to the property commonly known as 7220 Western Avenue South, Los Angeles, California 90047 (the "Property"), in favor of "Llamas Estates, LLC, a New Mexico limited liability company."

2. Defendant has admitted that there is not now nor has there ever been a New Mexico limited liability company with the name "Llama Estate**s**, LLC."

3. Defendant has admitted that nothing was issued by the Secretary of State for New Mexico creating the LLC until November 21, 2017, at which time the Secretary of State issued a charter for an LLC by the name, "Llamas Estate, LLC" (without an "s" at the end of the word, "Estate").[2]

4. On May 10, 2019, the trustee in the above chapter 7 bankruptcy case (the "Trustee") filed the above adversary proceeding (the "Action"), seeking to avoid the transfer identified in paragraph 1 above (the "Transfer") as a fraudulent transfer. The Trustee named the following entities as defendants in the Action: Danniel De La Madrid dba Llamas Estate, LLC, dba Muziknewum, Ltd dba Castizo Holdings, LLC, An Individual; Llamas Estates, LLC, form unknown; Muzikneum Nevada Irrevocable Spendthrift Trust dba Muzikneum, Ltd., form unknown; Castizo Holdings, LLC, form unknown.

---

reconsider; however, based on the text of the Motion and of the proposed form of order that DDLM lodged in connection with the Motion, it appears that DDLM would like this Court to reconsider its April 7, 2022 "Order Denying Defendant Danniel De La Madrid's Motion to Dismiss Per FRCP 12(b)(1), (2), (6) and (7)" [Docket No. 130].

[2] In support of the Motion for Reconsideration, DDLM has provided, among other things, a declaration from Kenneth Adler, a real estate broker, declaring that he attempted to create some LLCs by sending documents to the Secretary of State for New Mexico on February 3, 2017, but a review of the attached documents reflect that they make no mention of an LLC called anything like Llamas Estate or Llamas Estates. The documents relate to 8 other LLCs. There is another letter attached to Mr. Adler's declaration, dated October 14, 2017, in which Adler transmits *for the first time* documents concerning Llamas Estates, LLC. There is no evidence in the record whatsoever that DDLM took any action in an effort to create this LLC at any time prior to October 14, 2017. Adler testifies that the Secretary of State issued a charter in the name of Llamas Estate, LLC on November 21, 2017.

5. On July 29, 2019, the Trustee filed a first amended complaint in the Action (the "Amended Complaint"), seeking to avoid the Transfer as a fraudulent transfer. The Trustee named the following entities as defendants in that complaint: Danniel De La Madrid, An Individual, dba Llamas Estate, LLC, dba Muziknewum, Ltd dba Castizo Holdings, LLC; Eliza Villareal, An Individual; and Martha Lizeth Perez, An Individual. The alias summons issued August 2, 2021 in the Action identified the defendants in the Action as: Danniel De La Madrid; Llamas Estates, LLC; Nuziknewum Nevada Irrevocable Spendthrift Trust dba Muziknewum, Ltd.; Castizo Holdings, LLC, Llamas Estate, LLC; Muziknewum, Ltd; Castizo Holdings, LLC; and Muziknewum Ltd.

6. At a status conference held July 27, 2021 in the Action, then counsel of record for DDLM, Chad Thomas William Pratt, Sr., agreed to accept service of process for DDLM in the Action. The proof of service filed August 3, 2021 in the Action, docket no. 87, reflects service of the Amended Complaint on defendants "Danniel De La Madrid dba Llamas Estates, LLC dba Muziknewun LTD dba Castizo Holdings, LLC" in care of Mr. Pratt on August 3, 2021.

7. On September 1, 2021, DDLM filed a substitution of attorney in the Action in which he substituted himself as his own attorney of record in the Action.

8. On September 2, 2021, DDLM filed an answer to the Amended Complaint (the "Answer"), docket no. 88, the text of which document begins, "Comes now Defendant Danniel De La Madrid to Answer the adversary Complaint on file herein as follows: 1. Defendants avers that he is a bona fide purchaser for value ("BFP") of the subject property and paid fair market value ("FMV") for such property, that he thereafter invested additional amounts of approximately two hundred thousand dollars ($200,000) rehabilitating the property. . . . "

9. In paragraph 2 of the Answer, DDLM avers that "he paid full FMV in an arm's length transaction with a seller with whom he had no prior relationship."

10. As his first affirmative defense in the Answer, DDLM pleads that "Defendant is a BFP who purchased the subject property for full FMV."

11. At no time in the Answer did DDLM ever deny that he was the purchaser of the Property or allege that any other person or entity purchased the Property or was the recipient of the Transfer.  No other defendants filed an answer to the Amended Complaint.

12. At the Trustee's request, the court entered the default of defendant "Llamas Estate LLC" on November 1, 2021 [docket no. 108].

13. At the Trustee's request, the court entered the default of defendant "Castizo Holdings, LLC" on November 1, 2021 [docket no. 109].

14. At the Trustee's request, the court entered the default of defendant "Muziknewum, LTD" on November 1, 2021 [docket no. 110].

15. At the Trustee's request, the court entered the default of defendant "Castizo Holdings, LLC" on November 1, 2021 [docket no. 109].

16. The Court conducted status conferences in the Action on (among other dates) September 28, 2021 and December 14, 2021 (jointly, the "Fall 2021 Conferences").

17. The local rules of this bankruptcy court expressly require parties to an adversary proceeding to file a joint status report two weeks in advance of a status conference, and Federal Rule of Civil Procedure 26, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7026, and Local Bankruptcy Rule 7026-1, expressly direct the parties to meet and exchange the information required by Federal Rule of Bankruptcy Procedure 7026 within certain time limits.

18. DDLM failed to participate in the preparation of a joint status report in connection with either of the Fall 2021 Conferences and failed to meet and exchange information with the Trustee as required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

Accordingly, and because the Answer did not contain specific admissions or denials of each of the allegations of the Amended Complaint, on December 15, 2021, the Court entered its "Order (i) to Show Cause re Striking Defendant's Answer and (ii) Continuing Status Conference" (the "OSC") [docket no. 117].

19. The Court set a hearing on the OSC for January 25, 2022 and required that written responses to the OSC be filed and served by January 11, 2021.

20. On January 7, 2022, DDLM filed a substitution of attorney dated December 14, 2021, in which he substituted Azuoma Anugom as his attorney of record in the Action in place and instead of himself.

21. As the response to the OSC filed by Ms. Anugom provided no information whatsoever as to why DDLM himself had failed to participate in the preparation of joint status reports or meet and exchange information with the Trustee during the approximately four-month period during which he was representing himself in the Action, the Court continued the January 25, 2022 hearing on the OSC to April 5, 2022 and specifically and explicitly instructed Ms. Anugom that she should file and serve a supplemental response to the OSC with ***a declaration from DDLM himself*** as to why he had failed to take the required actions while he was representing himself and that a declaration from Ms. Anugom would not suffice.

22. As the supplemental response that DDLM filed to the OSC once again failed to include a declaration from DDLM ***or any information whatsoever*** as to why DDLM did not take any of the required actions while he was representing himself, the Court entered an order on April 7, 2022, striking DDLM's Answer to the Amended Complaint and authorizing the Trustee to proceed by way of default [docket no. 129].

23. Even though he had already filed an Answer to the Amended Complaint, on January 7, 2022, DDLM filed a notice of motion and motion to dismiss the Amended Complaint pursuant to FRBP 7012(b) and FRCP 12(b)(1),(2),(6) and

(7) (the "Motion to Dismiss") [docket no. 120]. DDLM noticed a hearing on the Motion to Dismiss for April 5, 2022.

24. Because DDLM had already filed an Answer to the Amended Complaint, the Court noted that it was procedurally improper for him to have filed a Motion to Dismiss. The Court nevertheless considered the Motion to Dismiss on the merits, as if it were a motion for judgment on the pleadings or a motion for summary judgment and denied the motion.

25. In the Motion for Reconsideration, DDLM argues that, even though the Answer was stricken, the Court should not have entered DDLM's default because he filed a motion to dismiss, which should be treated as a response to the Amended Complaint. This argument misconstrues what actually happened here. The Court denied the Motion to Dismiss on the merits and struck the Answer based on DDLM's failure to comply with required pretrial procedures and, more importantly, based on his failure to provide even the most feeble of explanations for this failure after having been given two opportunities to do so.[3] His default was not entered because he failed to file a timely response to the Amended Complaint; his default was entered because he failed to offer any explanation for his four months of inaction after having been repeatedly instructed to do so. There is nothing procedurally improper about striking his answer to the Amended Complaint on these grounds. (And, notably, the Motion for Reconsideration *still* does not provide any information or explanation whatsoever as to why DDLM failed to comply with the Court's pretrial procedures during the four months in which he was representing himself.)

26. The gist of the argument advanced in the Motion for Reconsideration is that, because DDLM subsequently formed an LLC under a name that is different from

---

[3] In light of the nature of the actions that DDLM failed to take and the fact that DDLM was representing himself during this period, the Court would likely have been lenient in excusing DDLM's defalcations. However, after asking at least twice that an explanation – any explanation – be provided and having received none, the Court concluded that it was time to permit the Trustee to proceed by way of a motion for default judgment.

that set forth on the quit claim deed, the Trustee must sue only the LLC that DDLM eventually created and cannot sue DDLM in his personal capacity. In support of this argument, DDLM cites California authorities for the proposition that "a de facto corporation" constitutes an association, which is a legal entity that may be sued. See, e.g., People v. Montecito Water Co., 97 Cal. 276, 277 (1893), cited at page 3 of the Motion for Reconsideration. DDLM also offers authorities for the proposition that the defendant in an action brought by a corporation cannot defend that action by showing that the charter of the entity was obtained by fraud or that the charter was forfeited by misuser or nonuser. See County of Macon v. Shores, 97 U.S. 272, 277 (1877), cited at page 4 of the Motion for Reconsideration. DDLM asserts further that a de facto corporation exists if there has been a colorable attempt to comply with the laws governing the organization of corporations: "where such an organization has thus attempted to be created and has in fact organized and entered upon the transaction of business in good faith, the validity of its existence ought not to be inquired into collaterally." See Westlake Park Investment Co. v. Jordan, 198 Cal. 609, 614-15 (1926), cited at page 6 of the Motion for Reconsideration.

27. From these authorities, DDLM concludes that the Trustee is required to name an entity that did not legally exist at the time of the Transfer and was not the named transferee in the quitclaim deed – and that the Amended Complaint must be dismissed because the Trustee failed to do so. DDLM has offered no support whatsoever for this conclusion.

28. It is one thing to say that an entity that has not yet been incorporated **may** sue or be sued in its own name. It is quite another thing to say that that entity **must** be sued: that the plaintiff cannot sue the individual who later set up that entity; and that the individual has no personal liability for actions he took before the entity was created. None of the authorities that DDLM has cited stand for these propositions or anything remotely like them.

29. An individual may obtain limited liability by setting up a legal entity that has its own separate corporate existence and having that entity execute contracts and create its own liabilities. That did not happen here. The entity named in the quit claim deed did not legally exist at the time of the Transfer and never came into existence. A different entity with a different name came into existence later. DDLM offers no authority for the proposition that an individual cannot be sued in his personal capacity when he executes a document on behalf of a legal entity that does not exist. Nor has DDLM offered support for the proposition that an individual can obtain the benefit of limited liability if he enters into a contract on behalf of an entity that does not exist at that point in time but comes into existence later. This is not a defect in the manner in which the corporation was created within the meaning of the cited authorities. DDLM took no action to create the entity until *after* he had entered into an agreement with the debtors on its behalf (or, more accurately, on behalf of an nonexistent entity with a slightly different name).

30. The Motion for Reconsideration is also based on California law. (See <u>Motion for Reconsideration</u>, p. 4 at lines 24-26 ("Here Debtor and Defendant were both then California residents.[4] Debtor filed his bankruptcy petition as such.[5] The LLC's only activity has been holding title to the subject property. Hence California law is controlling here as California is the state with the most ties to the LLC . . . .")). However, issues concerning the manner in which a corporation or limited liability company are to be created and the laws that govern the extent to which its members, shareholders, officers, directors, etc., can be held liable for conduct that occurs in connection with the operation of that company are ordinarily decided under the laws of the state of incorporation. Therefore, it may well be

---

[4] The Court notes that no evidence is offered for this assertion of fact, and DDLM has not previously admitted this.
[5] In fact, DDLM has repeatedly asserted that the debtors were not eligible to be debtors because they were not domiciled within the United States at the time they filed their petition. See, e.g., Answer, p. 2 at lines 1-4 and Defendant's December 2, 2019 motion to dismiss, docket no. 35.

Main Document    Page 9 of 10

    that the law of New Mexico should govern here, not the law of California, but the Motion for Reconsideration says nothing about what the law of New Mexico has to say on this subject.

31. In New Mexico, an LLC is formed when the articles of organization are filed with the Secretary of State or on any later date specified in the articles of organization. NMSA 1978, § 53-19-10(A) (1993); see NMSA, § 53-19-2(I). Therefore, in Casias v. N.M. Taxation & Revenue Dep't, No. A-1-CA-36316, 2019 N.M. App. Unpub. LEXIS 109, at *8 (Ct. App. Mar. 25, 2019), for example, a taxpayer who tried to avoid personal liability for taxes by arguing that the taxes were incurred by the LLC that he had created and not by him in his personal capacity failed at this exercise and was held personally liable for the taxes because he failed to offer a copy of the articles of incorporation stamped "filed" and marked with the filing date, which would have been conclusive evidence that the LLC had been organized and formed pursuant to New Mexico's limited liability act at the time the taxes were incurred.

32. Accordingly, DDLM has failed to establish sufficient cause for this Court to reconsider its April 7, 2022 order denying his motion to dismiss the Action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Based on the foregoing, and other good cause appearing therefor,

    **IT IS HEREBY ORDERED** that the Motion for Reconsideration is **DENIED.**

# # #

Date: April 27, 2022

_____
Sheri Bluebond
United States Bankruptcy Judge